UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRICILLA de SOUZA SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-cv-11264JGD |
| | ) | |
| v. | ) | |
| | ) | |
| PIONEER JANITORIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY ARBITRATION

Defendant Pioneer Janitorial Services, Inc. ("Pioneer") submits this memorandum in support of its motion to stay the arbitration demanded by the Service Employees International Union, pending as American Arbitration Assn. Case No. 11 300 01755 10.[1]

## I.   INTRODUCTION.

This is a discrimination case filed by plaintiff Pricilla de Sousa Silva ("Plaintiff") against her employer, Pioneer, based upon alleged sexual harassment by her supervisor, Mick da Silva. The Complaint, which was filed in state court, contains three counts against Pioneer: (a) violation of M.G.L. c. 151B, § 4(16A) and § 4(1); (b) violation of M.G.L. c. 151B, § 4(4) (Retaliation); and (c) negligent hiring, supervision and/or retention. The case was removed to this Court because its resolution turns upon the interpretation of a Collective Bargaining Agreement, which presents a federal question. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

---

[1]   Although the Union is not yet a party to this action, it has filed an unopposed motion to intervene pursuant to Fed. R. Civ. P. 24. Accordingly, this motion is being served upon counsel for the Union in anticipation that the motion to intervene will be granted.

On August 20, 2010, Pioneer moved to dismiss this action based upon the Supreme Court's recent decision in 14 Penn Plaza LLC v. Pyett, 1295 S.Ct. 1456 (2009). Specifically, based upon 14 Penn Plaza, Pioneer contends that this case should be dismissed as Plaintiff has voluntarily waived her right to bring these claims in a judicial forum by previously choosing to proceed pursuant to the grievance and arbitration procedure available for such claims under the terms of the Collective Bargaining Agreement ("CBA") between Pioneer and Plaintiff's Union – the Service Employees International Union, Local 615 (the "Union"). Plaintiff's response to that motion is due on or before October 8, 2010.

Apparently unhappy with Pioneer's interpretation of the CBA, the Union has filed its own grievance seeking to compel Pioneer to withdraw its motion to dismiss. See Letter from Union President Rocio Saenz, attached as Exhibit 1. On September 8, 2010, simultaneous with that grievance, the Union made a formal demand for arbitration of the grievance with the American Arbitration Association, which has docketed the matter as American Arbitration Assn. Case No. 11 300 01755 10. Id. The only relief sought by the Union through its grievance is for Pioneer to withdraw the motion to dismiss filed in this action.

## II.    ARGUMENT

### A.    This Court Has The Authority To Stay The Arbitration.

It is well recognized that, under appropriate circumstances, federal courts have the authority to stay arbitration proceedings. J.P. Morgan Securities Inc. v. Louisiana Citizens Property Ins. Corp., 2010 WL 1790061, 8 (S.D.N.Y. 2010); Bunge Foods Corp. v. M & F Marketing Development, LLC, 2003 WL 23147404 (D.Mass. 2003); A.T. Cross Co. v. Royal Selangor(s) PTE, Ltd., 217 F.Supp.2d 229, 237 (D.R.I. 2002). Although the Federal Arbitration Act ("FAA") does not explicitly grant this power, courts have reasoned that the power is implicit

in § 4 of the FAA, which authorizes federal courts to compel arbitration.  See Westmoreland

Cap. Corp. v. Findlay, 100 F.3d 263, 266 n. 3 (2nd Cir.1996) (collecting cases).  As the First

Circuit Court of Appeals has explained, "to enjoin a party from arbitrating where an agreement

to arbitrate is absent is the concomitant of the power to compel arbitration where it is present."

Societe Generale de Surveillance, S.A. v. Raytheon European Management and Systems Co.,

643 F.2d 863, 868 (1st Cir. 1981).

 Likewise, it is beyond serious dispute that this court has the authority to determine

whether the CBA contains an agreement to arbitrate the Union's grievance.  The Supreme Court

has held that "the question of arbitrability-whether a collective-bargaining agreement creates a

duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial

determination."  AT & T Techs. Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986).

Accordingly, "[u]nless the parties clearly and unmistakably provide otherwise, the question of

whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."  Id.

 Here, the CBA does not contain any such "clear and unmistakable" provision.  Indeed,

while the CBA provides that the issue of procedural arbitrability – i.e., whether the grievance

process has been complied with – shall be determined through arbitration, the CBA is completely

silent as to who should determine whether a particular type of grievance is subject to arbitration.

See CBA, attached as Exhibit A to Motion to Dismiss (Doc. No. 5), at 35.  Because the parties

have not clearly and unmistakably agreed to arbitrate that question, federal law requires that it be

answered by this Court.  See Commc'ns Workers of Am., 475 U.S. at 649.

 B. The Arbitration Should Be Stayed Because The Union's Grievance Falls Outside
   The Scope Of The Parties' Agreement To Arbitrate.

 As noted above, the only relief sought by the Union through arbitration is for Pioneer to

withdraw the motion to dismiss filed in this case.  While it is undisputed that Pioneer – through

the CBA – has agreed to arbitrate certain disputes with the Union, there is no provision in the CBA providing for mandatory arbitration of issues related to how Pioneer proceeds in litigation. Indeed, the Union has not and cannot point to any provision in the CBA that would evidence an agreement on behalf of Pioneer to permit an arbitrator to determine the appropriateness of Pioneer's motion to dismiss.

Although courts typically construe the scope of an arbitration agreement broadly in favor of arbitration, there are two compelling reasons why the CBA should not be construed to require arbitration on this issue. First, no matter how broadly the terms of the CBA are viewed, no reasonable construction of those terms could provide for mandatory arbitration as to the appropriateness of Pioneer's motion to dismiss. To read the CBA to require arbitration on this issue "requires rewriting, not just reinterpretation" of the CBA. See United States v. Stevens, 130 S.Ct. 1577, 1591-92 (2010) (refusing to apply canon of statutory construction where statute was not "readily susceptible" to the construction).

Requiring Pioneer to arbitrate this issue is also inappropriate in light of the procedural posture of this case. As noted in Pioneer's motion to dismiss, the CBA provided Plaintiff the option of either pursuing her discrimination claim through the grievance and arbitration process or through a judicial forum – but not both. Unsatisfied with her initial choice of the grievance and arbitration process, Plaintiff filed this suit despite her waiver of the right to proceed in a judicial forum. The Union now seeks to assist Plaintiff by asserting that her claim should be heard in this Court, but that Pioneer's defense should not. Such a result would be plainly unfair. Accordingly, this Court should stay the arbitration proceeding and determine the question of federal law for which its jurisdiction has already been invoked.

III.   **CONCLUSION.**

Based on the foregoing, Pioneer respectfully requests that this Court grant its Motion and

stay the arbitration demanded by the Service Employees International Union, pending as

American Arbitration Assn. Case No. 11 300 01755 10.

Respectfully submitted,

PIONEER JANITORIAL SERVICES, INC.,
By its attorneys,

Dated:  September 17, 2010          By: _____ */s/ Mark J. Ventola* _____
Mark J. Ventola, Esq. (BBO# 549570)
Sheehan Phinney Bass + Green, PA
255 State Street, 5th Floor
Boston, MA 02109
(617) 897-5600

**CERTIFICATE OF SERVICE**

I, Mark J. Ventola, do hereby certify that on this 17th day of September, 2010, service of
the foregoing Memorandum in Support of Motion to Stay Arbitration was made upon the
following by the means indicated below:

By electronic and first-class mail:
Tyler H. Fox, Esq.
675 Massachusetts Avenue
Eighth Floor
Cambridge, MA 02139

By the Court's CM/ECF system:
James A. W. Shaw
Indira Talwani
Louis A. Mandarini, III
SHEGAL ROITMAN, LLP
111 Devonshire St., 5th Floor
Boston, MA 02109

_____ */s/ Mark J. Ventola* _____
Mark J. Ventola