UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRICILLA DE SOUSA SILVA,<br><br>        Plaintiff<br><br>-and-<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615,<br><br>        Intervenor-Plaintiff<br><br>   v.<br><br>PIONEER JANITORIAL SERVICES, INC.,<br><br>        Defendant,<br>        Intervenor-Defendant | Civil Action<br>10-cv-11264-JGD<br><br><br>Leave to Intervene Granted<br>September 21, 2010 |

## ACTION FOR DECLARATORY JUDGMENT

### Jurisdiction

1. This is an action for declaratory judgment brought pursuant to Section 301, Labor-Management Relations Act, 29 U.S.C. § 185(a), 28 U.S.C. § 1337, 28 U.S.C. § 2201, and this Court's original and statutory jurisdiction. It seeks declaratory relief in an action over which this Court has federal-question subject matter jurisdiction.

### Venue

2. Venue is appropriate in this judicial district.

### Parties

1

3. Intervenor-Plaintiff Service Employees International Union, Local 615 ("the Union") is a labor organization based in Boston, Massachusetts, representing employees throughout Massachusetts, Rhode Island and New Hampshire in an industry affecting commerce as defined in 29 U.S.C. §§ 152(6) and (7), including a bargaining unit of employees employed by defendant Pioneer Janitorial Services, Inc., employed within this judicial district primarily in Cambridge and Boston.

4. Pricilla de Sousa Silva ("Silva") is the plaintiff in the above-entitled matter, and is a member of the Union. At times relevant to this litigation, she held the position of custodian for the Employer, was assigned to work at the Berklee College of Music, and was a member of the bargaining unit represented by the Union.

5. The Employer is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 185(a) and 152(6) and (7), with a principal place of business in Wakefield, Middlesex County, Massachusetts. It provides, <u>inter alia</u>, janitorial services to the campus of the Berklee College of Music.

Grounds

6. The Employer and Union are parties to a collective bargaining agreement ("CBA") that governs the terms and conditions of Silva's employment, a true and accurate copy of which is attached hereto as Exhibit A.

7. Silva is not a party to the CBA.

8. The grievance and arbitration requirements of the CBA are included in Article 37 of the CBA (Ex. A, pgs. 33-38).

9. The CBA requires that, absent mutual agreement to the contrary, any arbitration conducted pursuant to its terms be conducted according to the labor arbitration rules of

the American Arbitration Association ("AAA"). A true and accurate copy of these rules is attached hereto as Exhibit B.

10. The AAA maintains a separate and distinct set of rules pertinent to employment arbitrations. A true and accurate copy of these rules are attached hereto as Exhibit C.

11. Labor arbitrators appointed by the AAA need not be attorneys, nor need they be familiar with employment law in any way. A true and accurate copy of these rules are attached hereto as Exhibit D.

12. AAA arbitrators who hear employment cases must be familiar with employment law. See Ex. C, Rule 12.

13. On or about Dec. 15, 2008, Silva and the Union filed a grievance against the Employer, alleging sexual harassment and an improper suspension. A true and accurate of this grievance is attached hereto as Exhibit E.

14. The Union did not seek to bring this grievance to arbitration.

15. On or about June 1, 2010, Silva filed an individual action against the Employer in Suffolk Superior Court in Boston, Massachusetts. In this action, Silva has alleged sexual harassment by the Employer in violation of G.L. c. 151B; retaliation in violation of G.L. c. 151B; and negligent hiring, supervision and/or retention of the supervisor who committed the acts of sexual harassment.

16. On or about July 28, 2010 the Defendant removed the Superior Court action to the United States District Court.

17. On or about August 20, 2010, in lieu of answering the complaint, the Employer filed a Motion to Dismiss.

18. Among the grounds the Employer argues as a basis for dismissal is that the collective bargaining agreement between the Union and the Employer purportedly contains an election-of-remedies provision, through which Silva allegedly waived her substantive statutory right to bring a claim of discrimination by filing a grievance with the CBA's 14-day time limit to file a grievance.

19. Contrary to the Employer's argument, however, the CBA does not waive a bargaining unit member's right to bring a statutory claim of discrimination in court because she has filed a grievance.

20. If the Employer were correct, the Union's representation of its members would require not only enforcement of individual rights, but also require the Union to investigate and enforce and claims of individual statutory rights, and individual union members would be harmed by the absence of an ability to individually pursue individual statutory rights.

21. Even if the Employer were correct that the CBA contains a waiver of a judicial forum for statutory claims of discrimination, that waiver is not clear and unmistakable.

22. Even if the CBA contains a clear and unmistakable waiver of a judicial forum, the arbitration forum created by the CBA is a legally insufficient forum to allow an individual employee to vindicate his or her substantive right to be free of discrimination pursuant to state and/or federal law.

23. On or about September 8, 2010, the Union initiated a grievance pursuant to the CBA alleging that the Employer is violating the CBA by advancing an argument in this court that relies on an incorrect interpretation of the CBA. A true and accurate copy of this grievance is attached hereto as Exhibit F.

24. The grievance not having been resolved, the Union filed for arbitration on September 8, 2010, with the American Arbitration Association ("AAA"), pursuant to Article 37 of the CBA.

25. The grievance is presently pending before the AAA, as case number 11 300 1755 10.

26. All matters of interpretation of the CBA are for a labor arbitrator to decide, not a court.

27. The Motion to Dismiss remains pending before this Court, with Plaintiff's opposition due on October 8, 2010.

28. An order by this Court that Silva's suit should be dismissed on the ground described above would prejudice the Union by impacting: the nature and requirements of the Union's representation of its membership employed under the terms of the CBA; its statutory duty of fair representation; and the terms and conditions of employment of the bargaining unit members whom the Union represents.

### Requests for Relief

29. Therefore, the Union requests that this Court grant the following relief:

   a. Declaratory judgment declaring that given the pendency of the Union's arbitration before the American Arbitration Association (¶¶ 23-25, supra), the Arbitrator, and not this Court, must determine the Union and Employer's intent as to the meaning of the collective bargaining agreement; or in the alternative, declaratory judgment declaring that the collective bargaining agreement between the Union and defendant Employer does not provide that the election-of-remedy provisions of the

5

    CBA proscribe a bargaining unit member from individually pursuing a statutory claim of discrimination because she filed a grievance;

b. Declaratory judgment declaring that the CBA does not provide a clear and unmistakable waiver of employees' right to a judicial forum for their statutory claims;

c. Declaratory judgment declaring that the CBA does not waive employees' rights to a judicial forum for their statutory claims in these circumstances because such a waiver here would constitute a substantive impairment of their statutory rights;

d. Judgment awarding the Union its reasonable costs and attorneys' fees; and

e. Such other relief as this Court deems just and proper.

    Respectfully submitted,

    SERVICE EMPLOYEES INTERNATIONAL UNION,
    LOCAL 615

    By its attorneys,

    /s/ James A.W. Shaw
    Indira Talwani, Esq., BBO# 645577
    James A.W. Shaw, Esq., BBO# 670993
    SEGAL ROITMAN, LLP
    111 Devonshire St., 5th Floor
    Boston, MA 02109
    Phone: (617) 742-0208
    Fax: (617) 742-2187
    E-mail: jshaw@segalroitman.com

Dated: September 22, 2010

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 22, 2010.

                                             /s/ James A.W. Shaw