UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRICILLA DE SOUSA SILVA,

               Plaintiff

    -and-

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 615,

               Intervenor-Plaintiff

   v.

PIONEER JANITORIAL SERVICES, INC.,

               Defendant,
               Intervenor-Defendant

Civil Action
10-cv-11264-JGD

## OPPOSITION TO MOTION TO STAY ARBITRATION

I.     Introduction

      Local 615 of the Service Employees International Union hereby opposes Pioneer

Janitorial Services, Inc.'s motion to enjoin a pending labor arbitration hearing concerning

the correct interpretation of the collective bargaining agreement between the parties.

      Substantively, the motion must be denied. As the First Circuit has squarely held,

the Norris-LaGuardia Act of 1932 effectively deprives this Court of the authority to enter

a stay of a pending labor arbitration. Tejidos de Coamo, Inc. v. Int'l Ladies' Garment

Workers' Union, 22 F.3d 8, 13 (1st Cir. 1994). At least five other circuits are in accord,

including the Seventh Circuit, which considers "it sanctionably frivolous to seek an anti-

arbitration injunction" in a labor case. <u>AT&T Broadband v. IBEW Local 21</u>, 317 F.3d 758, 762 (7th Cir. 2003).

Even if this Court somehow did have the authority to stay a pending labor arbitration, the motion should still be denied. The Union's grievance seeks to resolve a dispute over the interpretation of a provision of a collective bargaining agreement, which is exactly the sort of dispute the U.S. Supreme Court has held to be arbitrable since it decided the <u>Steelworkers Trilogy</u> fifty years ago.[1]

Procedurally, the motion is also premature. At present, Pioneer's only relationship to the Union in this litigation is as an Intervenor-Defendant in Local 615's Action for Declaratory Judgment. Pioneer has brought no counter-claim against Local 615, and seeks no formal relief against Local 615. Yet, through the Motion to Stay Arbitration, Pioneer now seeks a declaration of rights against Local 615. However, a party commences such an action against another through the filing of a complaint or cross-complaint, not a motion. Fed. R. Civ. P. 3. Nor has Pioneer complied with local requirements for filing a motion, ignoring altogether its obligations to confer with counsel as required by Rule 7.1.

Local 615 requests an award of its costs and fees for defending this motion, because Pioneer has failed to make a colorable argument for this Court to ignore the clear Supreme Court and First Circuit precedent that precludes the relief Pioneer seeks.

II.    <u>Factual Overview</u>

On June 2, 2010, Pricilla de Sousa Silva ("Silva") filed suit in Suffolk Superior Court against Pioneer Janitorial Services, Inc. ("the Employer" or "Pioneer"). Her

---

[1] <u>United Steelworkers of Am. v. Am. Mfg. Co.</u>, 363 U.S. 564 (1960); <u>United Steelworkers of Am. v. Warrior & Gulf Nav. Co.</u>, 363 U.S. 574 (1960); <u>United Steelworkers of Am. v. Enter. Wheel & Car Corp.</u>, 363 U.S. 593 (1960).

complaint alleges severe and pervasive sexual harassment under G.L. c. 151B and a Massachusetts common-law claim of negligent hiring, supervision and/or retention of the harassing supervisor. Silva is a member of a bargaining unit represented by Local 615 of the Service Employees International Union ("the Union" or "Local 615"), which has a collective bargaining agreement with Pioneer.

On July 28, 2010, Pioneer removed the case to this Court. On August 20, 2010, Pioneer filed a motion to dismiss, alleging that the collective bargaining agreement ("CBA") between Local 615 and Pioneer waived Silva's substantive right to bring a claim of discrimination because she filed a grievance under the collective bargaining agreement, even though her grievance never reached arbitration. Pioneer's motion to dismiss rests on a controversial interpretation of the CBA's non-discrimination and arbitration provisions.

On September 8, 2010, Local 615 brought a grievance under the CBA because of its disagreement with Pioneer's interpretation of the non-discrimination and arbitration provisions of the CBA. The Union sought arbitration of that grievance pursuant to the terms of the CBA. The grievance is now pending before the American Arbitration Association, as case number 11 300 01755 10, and is scheduled before Arbitrator Diane Zaar Cochran, with a hearing likely in March 2011. See Notice of Appointment of Arbitrator, attached hereto as Exhibit A.

On September 13, 2010, Local 615 moved to intervene in this case. On September 17, 2010, before Local 615's motion to intervene was even granted, Pioneer filed the instant motion, seeking injunctive relief from this Court in the form of a stay of arbitration. On September 21, 2010, the Court granted Local 615's motion to intervene,

and the next day, Local 615 filed its complaint in intervention. As of the filing of this

Opposition, Pioneer has not answered Local 615's complaint in intervention.

III.   <u>Legal Argument</u>

     A.   <u>The Norris-LaGuardia Act effectively prohibits this Court from enjoining a labor arbitration</u>

          1.   <u>The Norris-LaGuardia Act applies to motions to stay a labor arbitration</u>

Pioneer is incorrect that the Federal Arbitration Act, 9 U.S.C., § 1, et. seq., grants

this Court the authority to enjoin a pending labor arbitration. Because Pioneer's request

involves or grows out of a labor dispute, Pioneer's motion is subject to the requirements

of the Norris-LaGuardia Act of 1932 ("Norris-LaGuardia"). Norris-LaGuardia severely

limits the power of the federal courts to issue an injunction in any case "involving or

growing out of a labor dispute," which includes a request to stay an arbitration or any

other kind of injunction. 29 U.S.C. § 107 ("Section 7"); <u>Tejidos de Coamo, Inc. v. Int'l</u>

<u>Ladies' Garment Workers' Union</u>, 22 F.3d 8, 13 (1st Cir. 1994) (holding "that section 7

[of Norris-LaGuardia] does govern a suit to enjoin a labor arbitration – unless and until

the Supreme Court says otherwise"). At least five other circuits are in accord. <u>See</u>

<u>Triangle Const. & Maintenance Corp. v. Our Virgin Islands Labor Union</u>, 425 F.3d 938

(11th Cir. 2005); <u>AT&T Broadband v. IBEW Local 21</u>, 317 F.3d 758 (7th Cir. 2003);

<u>Lukens Steel Co. v. United Steelworkers</u>, 989 F.2d 668 (3d Cir. 1993); <u>Camping Constr.</u>

<u>Co. v. Iron Workers</u>, 915 F.2d 1333 (9th Cir. 1990); and <u>In re Marine Engineers</u>

<u>Beneficial Ass'n</u>, 723 F.2d 70 (D.C. Cir. 1983).[2]

---

[2] Of the five cases Pioneer cites for the proposition that this Court has the authority to enter an injunction, tellingly <u>none</u> concern labor arbitration. <u>See</u> Pioneer's Memo of Law, pgs. 2-3. A federal court's authority to issue an injunction in a non-labor arbitration is not relevant to this Court's determination of Pioneer's motion.

2.  Norris-LaGuardia requires that a labor injunction issue only
    upon an evidentiary hearing resulting in a finding that unlawful
    acts are threatened and that other specific requirements have
    been met

Under Norris-LaGuardia, a federal court can issue a labor injunction only after an evidentiary hearing that results in specific factual findings. 29 U.S.C. § 107. "The central findings and procedures required for an injunction under section 7 differ from those required for an ordinary injunction, but only by degree and in detail. The most important findings required by and peculiar to section 7 are that 'unlawful acts' be threatened, that 'substantial and irreparable injury to complainant's property' will follow absent an injunction, and that 'public officers' 'are unable or unwilling to furnish adequate protection' to the property."[3] Tejidos, 22 F.3d at 13 (quoting Section 7 of Norris-LaGuardia). In these circumstances, just as in those described in Tejidos, "we do not think that it is apparent how the lack of an injunction threatened the Company with substantial and irreparable injury." Id. at 14. Although it "is true that participating [in arbitration] would cause one form of loss, namely, the time and expense of litigation before the arbitrator[,] courts have ordinarily not deemed litigation expense to be substantial and irreparable injury warranting an injunction." Id. Furthermore, to the extent that Pioneer is concerned with the effect of an award on its efforts to avoid litigating the sexual harassment claims against it, "the short answer is that the award is not self-executing. A valid objection to jurisdiction would be presented to and decided by the court before the award was implemented." Id.

---

[3] This is in addition to the usual showing required to obtain a preliminary injunction: (1) a likelihood of success on the merits, (2) irreparable injury to the moving party, (3) outweighing harm to the opponent, and (4) compatibility of the injunction with the public interest. Tejidos, 22 F.3d at 14, n. 8.

The fact that it is impossible for Pioneer to show irreparable harm if it is required to arbitrate, let alone to show a threatened unlawful act, effectively deprives this Court of the authority to grant Pioneer's motion. "So fundamental is this principle that we have held it <u>sanctionably frivolous to seek an anti-arbitration injunction</u>." <u>AT&T Broadband v. IBEW Local 21</u>, 317 F.3d 758 (7th Cir. 2003) (emphasis added).[4]

    3.  <u>If an injunction is granted, Pioneer must be required to post a sufficient bond</u>

One of the requirements of Section 7 of Norris-LaGuardia is that "a party obtaining an injunction <u>must</u> post an undertaking 'sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order.'" <u>Air Line Pilots Ass'n Int'l v. Guilford Transp. Indus., Inc.</u>, 399 F.3d 89, 105-06 (1st Cir. 2005) (quoting 29 U.S.C. § 107) (emphasis added); <u>Tejidos de Coama</u>, 22 F.3d at 14; <u>Int'l Assn. of Machinists and Aerospace Workers v. Eastern Airlines, Inc.</u>, 925 F.2d 6, 9 (1st Cir. 1991).

If this Court were to issue the injunction requested by Pioneer, and if this Court or an appeals court were to subsequently determine that the stay was improvidently or erroneously issued, Local 615 would be entitled to an award of its reasonable attorneys'

---

[4] Pioneer incorrectly cites to <u>AT&T Technologies, Inc. v. Comm. Workers of Am.</u>, 475 U.S. 643 (1986) in support of its argument. "Nothing in <u>AT&T Technologies</u> addresses the question whether section 7 [of Norris-LaGuardia] applies to injunctive relief when an employer seeks to preempt arbitration." <u>Tejidos de Coama</u>, 22 F.3d at 12. As was the case in <u>Tejidos de Coama</u>, "the arbitration clause invoked by the Unions does not require a court order: an arbitrator being already designated under the alleged contract …the Unions could begin the process without cooperation from the Company or aid from the Courts." 22 F.3d at 12. That is precisely the case here. The CBA already designates the American Arbitration Association as the body to hear contract disputes, and Diane Zaar Cochran has been appointed arbitrator. As such, this Court would need to issue an injunction to halt the proceedings, and such an injunction under these circumstances is disallowed under Norris-LaGuardia.

fees and costs. <u>Guilford Transp.</u>, 399 F.3d at 105-06; <u>Eastern Airlines, Inc.</u>, 925 F.2d at 9-10; <u>Aluminum Workers International Union, AFL-CIO, Local Union No. 215 v. Consolidated Aluminum Corp.</u>, 696 F.2d 437, 447 (6th Cir. 1982) (employer entitled to an award of attorneys fees following injunction improperly issued to union); <u>Elgin, J. & E. Ry., Co. v. Brotherhood of R.R. Trainmen</u>, 302 F.2d 540, 545 (7th Cir. 1962) (affirming award of attorneys fees to union that defended improvidently granted injunction).

Therefore, it is essential that the Court require a bond if it enters the requested injunction to guarantee that Local 615 will be able to recover its costs and attorneys' fees should it eventually prevail in reversing an injunction. Here, an amount of at least $30,000 is a reasonable estimate should this case be litigated to the First Circuit or beyond. <u>See</u> Decl. of Indira Talwani, attached hereto as Exhibit B; <u>see also</u> <u>Int'l Broth. of Teamsters Airline Div. v. Frontier Airlines, Inc.</u>, 2010 WL 2679959, *5 (E.D. Wis. July 1, 2010) (holding, in case decided under Norris-LaGuardia, that "I am satisfied that $50,000 is a reasonable estimate for attorneys' fees, especially because I am required to err on the high side when setting the amount of the bond, as damages for a wrongful injunction are limited to the amount of the bond."); <u>see also</u> <u>Air Line Pilots Ass'n Int'l v. Guilford Transp. Indus., Inc.</u>, 399 F.3d 89, 105-06 (1st Cir. 2005); <u>Int'l Assn. of Machinists and Aerospace Workers v. Eastern Airlines, Inc.</u>, 925 F.2d 6, 9 (1st Cir. 1991) (1st Cir. affirming in both cases a $50,000 bond in labor injunction dispute).

B. <u>Even if this Court does not decide this case under Norris-LaGuardia, the requested stay should be denied</u>

Even if this Court were not to decide the motion under Norris-LaGuardia, the motion should still be denied. The grievance between Pioneer and Local 615 is a classic

dispute over the interpretation of the collective bargaining agreement, the likes of which courts routinely order to arbitration.

The governing framework is the Steelworkers Trilogy and its progeny. United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564 (1960); United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574 (1960); United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593 (1960); AT&T Technologies, Inc. v. Comm. Workers of Am., 475 U.S. 643 (1986). Under this framework, "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" AT & T Tech., 475 U.S. at 650 (quoting Warrior & Gulf, 363 U.S., at 582-83).

As Pioneer's memorandum concedes, Local 615 filed this grievance because it is "unhappy with Pioneer's interpretation of the CBA." Memo in Supp. of Motion to Stay, pg. 2 (emphasis added). Under the collective bargaining agreement, where there "is a difference or dispute between the Employer and the Union … concerning the interpretation, application or a claimed violation of a specific provision of this Agreement," which as Pioneer concedes is precisely the case here, the CBA's grievance and arbitration provisions shall "be the exclusive method for the presentation and settlement of grievances." CBA, Article 37.1 (emphasis added). Local 615's grievance thus falls squarely with the grievance and arbitration provisions of the CBA.

This contract language is very similar to that in Warrior & Gulf, which stated that "any differences arising with respect to the interpretation of this contract or the

performance of any obligation hereunder" shall be decided by arbitration. 363 U.S. at

583. Under that contract language, the Supreme Court held that the presumption of

arbitrability "is particularly applicable where the clause is as broad as the one employed

in this case." Id. In such cases, "[i]n the absence of any express provision excluding a

particular grievance from arbitration, we think only the most forceful evidence of a

purpose to exclude the claim from arbitration can prevail." Id. at 584-85. Here, Pioneer

cannot point to any evidence in the CBA that the parties intended to exclude this (or any)

grievance from arbitration. This case is an ordinary labor grievance arising under a

collective bargaining agreement containing a broad arbitration clause, and is therefore

arbitrable.

It is of no moment that an arbitral award on this grievance could be fatal to

Pioneer's motion to dismiss. As the Union explains in its opposition to the motion to

dismiss, the Court may deny Pioneer's motion to dismiss without reaching the contract

interpretation issue. Even if Pioneer's interpretation were correct, the CBA would result

in an unenforceable waiver of employees' individual rights. But if the Court finds no

such unenforceable waiver, Pioneer's motion will depend on the interpretation of the

CBA, as Pioneer itself asserts. See Pioneer Memorandum of Law, pg. 1 (this case's

"resolution turns upon the interpretation of a Collective Bargaining Agreement"). It is

unremarkable for Local 615 to insist that labor agreements are interpreted in the first

instance by an arbitrator as the parties have agreed, with the Court's role limited to

reviewing the arbitration award, and confirming it so long as the arbitrator does not

"dispense his own brand of industrial justice," and "so long as [the award] draws its

essence from the collective bargaining agreement. <u>United Steelworkers of Am. v. Enter. Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960).

The Supreme Court has held that a collectively bargained waiver requiring arbitration of individual claims "easily qualifies as a condition of employment. . . ." <u>14 Penn Plaza LLC v. Pyett</u>, 129 S. Ct. 1456, 1459 (2009) (internal quotation and citation omitted). All disputes over the meaning of a term and condition of employment included in this CBA are arbitrable by the terms of the CBA. Given that the Supreme Court's decision in <u>14 Penn Plaza</u> was premised on the notion that an individual arbitration requirement was a term and condition of employment like any other, it would be illogical to declare this one grievance to be the exceptional contract grievance that is not arbitrable just because it may have negative consequences on Pioneer's efforts to deny Silva her right to litigate her sexual harassment claims. "The decision to fashion a CBA to require arbitration of employment-discrimination claims is no different from the many other decisions made by parties in designing grievance machinery." <u>14 Penn Plaza</u>, 129 S. Ct. at 1464. Local 615's grievance presents a dispute over the meaning of the CBA, not a dispute about the arbitrability of the Union's grievance. The Supreme Court has "caution[ed] courts to avoid becoming entangled in the merits of a labor dispute under the guise of deciding arbitrability." <u>AT&T</u>, 475 U.S. at 647.

The Union's argument here is furthermore not without precedent, even under the relatively recent <u>14 Penn Plaza</u> decision. Recently in the Southern District of New York, an employer (Triangle Services, Inc., or "Triangle") sought to compel arbitration of a statutory claim brought by an employee covered under a collective bargaining agreement. <u>Kravar v. Triangle Services, Inc.</u>, 1:06-CV-07858-RJH, 2009 WL 1392595 (S.D.N.Y.

2009). Triangle's motion was denied because the Union had not advanced the individual

employment case to arbitration, id., and the employer appealed to the Second Circuit.

While the appeal was underway, the association of employers that was signatory to the

CBA brought a grievance against the Union, Local 32BJ of the Service Employees

International Union ("Local 32BJ"), over Local 32BJ's interpretation that the CBA did

not require arbitration of individual claims. See Doc. 83 (July 10, 2009), attached hereto

as Exhibit C. The parties proceeded to arbitration of the grievance concerning the

interpretation of the CBA.

A week after hearing oral argument, the Second Circuit placed the appeal of the

individual case in abeyance, pending the outcome of the CBA-interpretation arbitration

between Local 32BJ and the employer association. Docket, U.S.C.A., Second Circuit, 09-

2332, attached hereto as Exhibit D. The Court ruled:

> The above-captioned appeal having been submitted on December 2, 2009, it is
> hereby ORDERED that defendant-appellant Triangle Services shall advise this
> Court 120 days from the date of this order as to the status of the arbitration
> scheduled for February 2010 to address whether the Collective Bargaining
> Agreement ("CBA") entered into by the Realty Advisory Board on Labor
> Relations, Inc. and Service Employees International Union, Local 32BJ "binds
> Local 32BJ members to arbitrate all statutory employment claims against the
> Employer whether or not Local 32BJ chooses the bring the claim on behalf of the
> employee," or whether the CBA "mandates arbitration of those statutory claims
> that the Union chooses to pursue on behalf of its members, and does not require
> employees to arbitrate statutory claims that the Union elects not to pursue."
> Arbitration Demand Letter from James F. Berg to Michael Fishman (June 18,
> 2009) (emphasis omitted).  We take no position at this time on any issue that may
> be presented to the arbitrator.

This decision by the Court of Appeals to delay its decision pending arbitral resolution

strongly suggests that the Second Circuit understood that the question of what the CBA's

arbitration clause was a question of contract interpretation that was properly decided in

the first instance through labor arbitration, despite the existence of parallel discrimination

litigation between the employee and employer. While not explicitly stated, it must have been the case that this recognition was premised on the familiar concept argued here – that disputes over the interpretation of a CBA are resolved by arbitrators, not by Courts.[5]

C.   The motion to stay is premature

Pioneer's motion to stay, brought against Local 615, is premature. Pioneer has not filed a claim or counter-claim against Local 615, as is required to commence such an action. See Fed. R. Civ. P. 3. Nor has Pioneer complied with local requirements for filing a motion, ignoring altogether its obligations to confer with counsel as required by Local Rule 7.1(a)(2).

As set forth in Local 615's opposition to the Employer's motion to dismiss, that motion may be denied even assuming, *arguendo*, that the Employer's interpretation of the CBA is correct. Only if the Court rejects Local 615's argument in opposition to the Employer's motion to dismiss will the Court need to address whether this Court or an arbitrator should interpret the CBA. If that determination is reached, only then would the Court need to deny the motion to stay and compel arbitration.

D.   Local 615 requests an award of its costs and fees for defending this premature and unmeritorious motion

Local 615 requests that Pioneer be required to pay the Union's costs and attorneys' fees for opposing the Motion to Stay. As explained supra, this case is governed by Norris-LaGuardia, under clear authority in the First Circuit and others. Because of the demanding standards of Norris-LaGuardia, a federal court effectively lacks the authority to grant the requested relief – to enjoin a labor arbitration. "So fundamental is this

---

[5] The parties ultimately settled the arbitration case. A copy of the Settlement Agreement is attached hereto as Exhibit E. That agreement also resulted in a stipulated dismissal of the Kravar case, the terms of which were not reported. The Court of Appeal's Mandate is attached hereto as Exhibit F.

principle that we have held it <u>sanctionably frivolous</u> to seek an anti-arbitration

injunction." <u>AT&T Broadband v. IBEW Local 21</u>, 317 F.3d 758, 762 (7th Cir. 2003)

(emphasis added) (and cases cited).

      Furthermore, as discussed above, the guiding principles of the <u>Steelworkers</u>

<u>Trilogy</u> have been long established, and this issues of law in this case are familiar and

long understood. Nonetheless, Pioneer has made no colorable argument as to why the

Court should deviate from such solid Supreme Court and First Circuit precedent, and an

award of fees is appropriate. <u>United Steelworkers of Am., AFL-CIO, CLC, on Behalf of</u>

<u>Local Union No. 14505 v. Logan Park Care Ctr., Inc.</u>, 634 F. Supp. 182, 186 (S.D. W.

Va. 1986) (in awarding fees to a labor union defending a stay, "the Court finds that the

employer's position in opposing arbitration is and was not substantially justified. The

parties had a contract which provided for arbitration. A dispute over wages clearly falls

within those issues subject to arbitration. That the employer would not submit to

arbitration runs counter to an obligation imposed by well-settled law.") Furthermore,

given that Pioneer has no action pending against Local 615, there was no chance this

motion could succeed as a procedural matter. It is significant that at the time the motion

was filed, the hearing Pioneer sought to enjoin had not even been scheduled (and now

will not be scheduled until probably March 2011). Given Pioneer's dispositive motion

pending before this Court, there is a reasonable possibility that this issue could be

resolved without a need for the arbitration hearing to go forward.

      Furthermore, in a letter to the American Arbitration Association ("AAA") dated

October 7, 2010,[6] Pioneer declared its intent to refuse to further cooperate with the

AAA's scheduling procedures unless this Court denies its requested stay. A copy of the

_____

[6] This letter is in response to the AAA notice, attached here as Exhibit A.

letter is attached hereto as Exhibit G. Rather than await this Court's ruling, Pioneer has apparently granted itself its desired stay of arbitration (unless and until this Court tells it otherwise), with the evident intention of using its self-help to obtain a hearing date later than March 2011. This is particularly egregious and in bad faith, and supports Local 615's request for sanctions.

Local 615 was forced to defend a premature and procedurally improper motion that was brought without any colorable legal argument as to why this Court should ignore decades of clear precedent, and which might be rendered moot by this Court's ruling on the Motion to Dismiss.[7] For the reasons stated above, Local 615 is entitled to an award of its costs and fees for opposing this motion to stay.

IV.    Conclusion

The Court should deny Pioneer's motion to enjoin the pending labor arbitration with Local 615, and if it deems the interpretation of the CBA necessary to address Pioneer's motion to dismiss, should compel Pioneer to arbitrate Local 615's grievance concerning that interpretation.[8]

---

[7] The sanctionable nature of Pioneer's motion is exacerbated by Pioneer's failure to comply with Local Rule 7.1(a)(2), which requires counsel to confer in good faith and attempt to narrow the issues prior to filing a motion. This did not happen, and this Court should award attorneys' fees because of the failure. See Gerakaris v. Champagne, 913 F. Supp. 646, 651 (D. Mass. 1996) ("a litigant's failure to observe the Local Rules [including LR 7.1(a)(2)] invites sanctions"); Converse Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166, 170 (D. Mass. 2004) (imposing $15,000 in sanctions to the court for failure to comply with Local Rule 7.1). In this case, the violation is not simply one of form, but of substance. Had Pioneer conferred with the Union, it would have learned of the Union's objection to the motion for the reasons stated above, which may have dissuaded Pioneer from seeking relief altogether, or at least until the issue was potentially ripe following a ruling on the motion to dismiss. Although a Rule 7.1 violation does not often result in an award of attorneys' fees, under these circumstances, violation of the rule does provide an independent basis to award Local 615 its fees.

[8] Pioneer complains about the Union's position that Silva's "claim should be heard in this Court, but that Pioneer's defense should not." Pioneer's Memo, pg. 4. This concern over equities is misplaced. There is no merit to the argument that this Court should ignore longstanding precedent regarding labor arbitration over contract interpretations because Pioneer finds it "unfair." The Union further notes that it is not seeking the extreme outcome that Pioneer seeks against Ms. Silva – a complete denial of any hearing on Pioneer's claims. It is merely arguing that the claim regarding the correct interpretation of the CBA must be heard in the forum to which Pioneer has already agreed – labor arbitration.

<u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(d), Local 615 wishes to be heard on oral argument on this motion and on Pioneer's motion to dismiss.

Respectfully submitted,

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 615

By its attorneys,

<u>/s/ James A.W. Shaw</u>
Indira Talwani, Esq., BBO# 645577
James A.W. Shaw, Esq., BBO# 670993
SEGAL ROITMAN, LLP
111 Devonshire St., 5th Floor
Boston, MA 02109
Phone: (617) 742-0208
Fax: (617) 742-2187
E-mail: jshaw@segalroitman.com

Dated: October 8, 2010

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 8, 2010.

<u>/s/ James A.W. Shaw</u>