UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRICILLA de SOUZA SILVA, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>and )<br>　　　　　　　　　　　　　　　　　)<br>SERVICE EMPLOYEES INTERNATIONAL )<br>UNION LOCAL 615, )<br>　　　　Intervenor-Plaintiff )<br>　　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　　)<br>PIONEER JANITORIAL SERVICES, INC., )<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendant. ) | Civil Action No. 10-cv-11264JGD |

## ANSWER TO COMPLAINT FILED BY INTERVENOR-PLAINTIFF

The defendant, Pioneer Janitorial Services, Inc. ("Pioneer"), submits its Answer to the Action for Declaratory Judgment ("Complaint") filed by Intervenor-Plaintiff Service Employees International Union Local 615 ("Local 615"). In response to the numbered allegations of the Complaint, Pioneer responds as follows:

1.  Paragraph 1 of the Complaint contains no allegations of fact to which a response is required. To the extent that it is deemed to contain allegations of fact, those facts are denied.

2.  Paragraph 2 of the Complaint contains no allegations of fact to which a response is required. To the extent that it is deemed to contain allegations of fact, those facts are denied.

3.  Admits that Local 615 is a labor organization based in Boston, Massachusetts representing individuals employed by Pioneer in Cambridge and Boston, which is

within this judicial district. Lacks sufficient information to form a belief as to the remaining allegations and, consequently, denies.

4. Admits.

5. Admits that Pioneer's principal place of business is in Wakefield, Middlesex County, Massachusetts and that it provides, *inter alia*, janitorial services to the campus of the Berkley College of Music. Lacks sufficient information to form a belief as to the remaining allegations and, consequently, denies.

6. Admits.

7. Admits that Silva did not personally sign the CBA. Lacks sufficient information to form a belief as to the remaining allegations and, consequently, denies.

8. Admits.

9. The CBA speaks for itself.

10. Admits.

11. Admits that labor arbitrators appointed by the American Association of Arbitrators (the "AAA") are not always attorneys. Further admits that the documents attached to the Complaint as Exhibit D are a true and accurate copy of the labor arbitration rules promulgated by the AAA. Lacks sufficient information to form a belief as to the remaining allegations and, consequently, denies.

12. Admits.

13. Admits that Silva filed a grievance on or about December 15, 2008 against Pioneer alleging sexual harassment and an improper suspension. Further admits that this grievance was also signed on behalf of the Union and that a fair and

accurate copy of the grievance is attached to the Complaint as Exhibit E.  Denies any remaining allegations.

14. Admits.

15. Admits that Silva's Complaint asserts these claims.  Denies that there is any merit to Silva's allegations.

16. Admits.

17. Admits.

18. Admits that Pioneer moved to dismiss this action for the reasons set forth in its Memorandum in Support of Motion to Dismiss (Doc. No. 6) and states that the Motion speaks for itself.  Denies any additional allegations.

19. Denied.  The CBA and Motion to Dismiss speak for themselves.

20. Denies.

21. Denied.  The CBA and Motion to Dismiss speak for themselves.

22. Denies.

23. Admits that Local 615 purported to initiate a grievance as described in paragraph 23 and admits that the document attached as Exhibit F to the Complaint is a true and accurate copy of the purported grievance filed by the Local 615.  Denies any additional allegations.

24. Admits that Local 615 demanded arbitration of its purported grievance with the AAA pursuant to Article 37 of the CBA.  Denies any additional allegations.

25. Admits that the purported grievance is pending before the AAA as case number 11 300 1755 10.

26. Denies.

27. Admits.

28. Denies.

Wherefore, Defendant Pioneer Janitorial Services, Inc. requests that the Complaint be dismissed, that Pioneer be awarded its fees and costs, and that the Court such other relief as is just and equitable.

Respectfully submitted,

                                        PIONEER JANITORIAL SERVICES, INC.,
                                      By its attorneys,

Dated: October 20, 2010        By:    */s/ Mark J. Ventola*
                                          Mark J. Ventola, Esq. (BBO# 549570)
                                          Sheehan Phinney Bass + Green, PA
                                          255 State Street, 5th Floor
                                          Boston, MA 02109
                                          (617) 897-5600


**CERTIFICATE OF SERVICE**

I, Mark J. Ventola, do hereby certify that on this 20th day of October, 2010, service of the foregoing was made upon all counsel of record by the Court's CM/ECF system:

                                              */s/ Mark J. Ventola*
                                              Mark J. Ventola