UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRICILLA de SOUZA SILVA,<br><br>　　　　Plaintiff,<br>and<br><br>SERVICE EMPLOYEES INTERNATIONAL<br>UNION LOCAL 615,<br>　　　　Intervenor-Plaintiff<br><br>v.<br><br>PIONEER JANITORIAL SERVICES, INC.,<br><br>　　　　Defendant. | Civil Action No. 10-cv-11264JGD |

## DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

The defendant, Pioneer Janitorial Services, Inc. ("Pioneer"), submits this opposition to the Motion to Strike filed by Intervenor-Plaintiff Service Employees International Union Local 615 (the "Union"). The Union seeks to have stricken exhibits "B" and "D" to Pioneer's Motion to Dismiss on the grounds that these exhibits were submitted for an improper purpose in violation of Federal Rule of Civil Procedure 11 ("Rule 11"). This argument is entirely without merit.

### Argument

The Union argues that Pioneer must have been motivated by an improper purpose in including these materials – which include evidence of Plaintiff's past disciplinary problems – because Pioneer did not reference any of the disciplinary material in the argument section of its Memorandum in Support of Motion to Dismiss. Even a cursory review of the Motion to Dismiss demonstrates that this assertion by the Union is incorrect for several very basic reasons.

The legal basis for the Motion to Dismiss is the fact that the plaintiff waived her right to proceed in court by voluntarily electing to proceed pursuant to the grievance and arbitration procedures available to here under the terms of the Collective Bargaining Agreement. The grievance itself (Doc. No. 6-3, Exhibit "C" to Motion to Dismiss) references the discipline from which she was taking her grievance, and seeks to have that discipline overturned. Accordingly, a brief bit of background about the circumstances leading up to the imposition of this discipline is entirely appropriate under the circumstances to provide context.

In addition, and as demonstrated by one of the Union's own briefs in this matter, it is common practice for a party to include facts in the background section of a brief that do not appear in its argument section. In fact, Pioneer kept its background about the discipline in question to a bare minimum, while the Union has gone out of its way to inject sordid details of alleged harassment that have never before been claimed by the plaintiff and that have never appeared in any documents filed by the plaintiff in any forum. (Union Opposition to Motion to Dismiss, Doc. No. 8 pp. 2-3). None of these facts appear in the argument section of the Union's brief. Plaintiff's opposition similarly includes a recitation of these facts without any reference to them in the argument section of the brief. This does not mean, as the Union's reasoning would conclude, that all of the parties have violated Rule 11 by including such material.

Rather, as the Court – and the Union – are well aware, parties typically include such facts for the proper purpose of providing the Court with some context for the dispute at hand. Here, it is unremarkable that the parties would provide such context by including in the introductory portions of their briefs the basic facts that underlie their claims and defenses. In this instance, Plaintiff asserts that she was subjected to sexual harassment and Pioneer maintains that the Plaintiff has fabricated her sexual harassment claim because she was unhappy with the discipline

that she was receiving at work. While these facts are obviously not dispositive of any matter that is currently before the Court, the Union's assertion that including such facts in the background section of a brief is a violation of Rule 11 is entirely baseless.

Lastly, it should be noted that not all of the material which the Union seeks to have stricken consists of "background" information. The Gello Affidavit (Doc. No. 6-4, Exhibit "D" to Motion to Dismiss) establishes the authenticity of the Collective Bargaining Agreement ("CBA") upon which Pioneer's motion relies and sets forth the dispositive fact that Plaintiff pursued the claims set forth in the Complaint through the CBA's grievance and arbitration procedure.[1] Accordingly, even if the Union's motion had merit – which it does not – the Union would not be entitled to the relief that it seeks.

## Conclusion

For the reasons set forth above, the Union's Motion to Strike (Doc. No. 17) should be denied.

                          Respectfully submitted,

                          PIONEER JANITORIAL SERVICES, INC.,
                          By its attorneys,

Dated: October 21, 2010         By:     */s/ Mark J. Ventola*
                                              Mark J. Ventola, Esq. (BBO# 549570)
                                              Sheehan Phinney Bass + Green, PA
                                              255 State Street, 5th Floor
                                              Boston, MA 02109
                                              (617) 897-5600

---

[1] It is for this reason that Pioneer's Memorandum in Support of Motion to Dismiss recognizes that the Motion to Dismiss may be considered by the Court as a Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

    I, Mark J. Ventola, do hereby certify that on this 21st day of October, 2010, service of the foregoing was made upon all counsel of record by the Court's CM/ECF system:

                                            */s/ Mark J. Ventola*
                                            Mark J. Ventola