UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

PRICILLA DE SOUSA SILVA,

                Plaintiff

  -and-

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 615,

                Intervenor-Plaintiff

  v.

PIONEER JANITORIAL SERVICES, INC.,

                Defendant,
                Intervenor-Defendant

Civil Action
10-cv-11264-JGD

Leave to File Granted: Nov. 1, 2010

---

## LOCAL 615's SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS

In its effort to deny Pricilla de Sousa Silva ("Silva") the right to litigate her claim of severe and pervasive sexual harassment, Pioneer Janitorial Services, Inc. ("Pioneer") advanced a new argument for dismissal in its Reply Brief of October 27. Namely, Pioneer now asserts, among its other reasons, that the sexual harassment suit brought by Silva is subject to dismissal because of her own personal agreement to waive her claims. See Reply Brief, pgs. 1, 6-7 ("As it was Plaintiff who waived the right to proceed in a judicial forum – and not her Union or others negotiating on her behalf – this waiver is enforceable and compels the dismissal of her complaint in accordance with applicable Supreme Court precedent."). This argument is a distinct alternative

to its prior reliance on a union-negotiated waiver pursuant to 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456 (2009). However, this new argument is as unmeritorious as Pioneer's other arguments.

First, in a unionized workplace, agreements between individuals and their employers to arbitrate statutory claims are illegal. "Penn Plaza confirms that a union designated under § 159(a) [of the National Labor Relations Act] has exclusive authority to negotiate agreements to arbitrate statutory discrimination claims. Nothing in Penn Plaza gives an employer the right to do so outside of the collective-bargaining context." Mendez v. Starwood Hotels & Resorts Worldwide, Inc., 346 F. App'x. 602, 603 (2d Cir. 2009) (emphasis added) (affirming decision not to enforce arbitration agreement between employer and unionized employee); see also J.I. Case Co. v. N.L.R.B., 321 U.S. 332, 337 (1944) ("Individual contracts no matter what the circumstances that justify their execution or what their terms, may not be availed of to defeat or delay the procedures prescribed by the National Labor Relations Act looking to collective bargaining…") Thus, to the extent that Pioneer argues that Silva has directly agreed with her employer to waive her right to sue, that agreement is plainly unenforceable under the NLRA. An enforceable waiver could only have been negotiated and agreed to by Local 615.

Second, Pioneer's assertion that the "clear and unmistakable" standard is not applicable to this case (pg. 7 of Pioneer's Reply Brief) is plainly incorrect. Whether the purported waiver is considered under the CBA pursuant to federal law, or individually under Chapter 151B and the Federal Arbitration Act, a waiver of one's rights under Chapter 151B must be clearly and unmistakably expressed. Wright v. Universal Mar. Serv. Corp., 525 U.S. 70 (1998) (CBA); Warfield v. Beth Israel Deaconess Med. Ctr., Inc., 454 Mass. 390 (2009) (Ch. 151B/FAA).[1]

---

[1] It is worth noting that only two of the three counts in Silva's lawsuit concern statutory discrimination. The third claim (for negligent hiring and retention) is unaffected by this motion to dismiss. Furthermore, some of the conduct alleged by Silva occurred after the filing of her grievance, and thus her grievance could logically not have any effect on discrimination she suffered after the grievance was filed.

Third, Pioneer is asking this Court to conclude that a Portuguese-speaking janitor knowingly and voluntarily waived her right to file a sexual harassment lawsuit pursuant to an agreement she was never given, had never read, nor even had described to her. Silva Aff., ¶ 3. However, it is logically impossible for Silva to have assented to a waiver she did not know even existed until this litigation. Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 20 (1st Cir. 1999) (arbitration agreement unenforceable where employer never provided employee with copy of arbitration rules); Dixon v. Perry & Slesnick, P.C., 75 Mass. App. Ct. 271, 277 (Mass. App. Ct. 2009) (applying knowing and voluntary standard to agreement to arbitrate statutory claims). In Massachusetts, even where an employee has already participated in an arbitration hearing pursuant to a CBA, that employee will be found to have waived her right "to pursue her statutory civil rights claim in a judicial forum" only where her the waiver occurred "explicitly and voluntarily." Blanchette v. Sch. Comm. of Westwood, 427 Mass. 176, 184 (1998) (emphasis added). There was nothing explicit or voluntary about Silva's purported waiver.

Finally, the Supreme Court's jurisprudence concerning the arbitration of discrimination claims is premised on the assumption that arbitration is an acceptable alternative to litigation. "[S]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985)). Where the chosen action of filing a grievance does not itself provide even an arbitral forum, let alone such vindication, the Supreme Court considers the waiver unenforceable per Gilmer.

Whereas the Supreme Court allows a litigation waiver only where there is provided an alternate forum that can effectively remedy and deter sex discrimination, Pioneer seeks a radical

departure. Pioneer asks this Court to decide that an employee forever loses her right to litigate a claim of severe and pervasive sexual harassment because she has signed her name to a union grievance form, even where her case was never brought to arbitration, and where she has never had the chance to litigate her claim before a neutral adjudicator.[2]

Pioneer seeks a draconian result contrary to the Supreme Court's precedent, and the Motion to Dismiss should be denied.

>
> Respectfully submitted,
>
> SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615
>
> By its attorneys,
>
> /s/ James A.W. Shaw
> Indira Talwani, Esq., BBO# 645577
> James A.W. Shaw, Esq., BBO# 670993
> SEGAL ROITMAN, LLP
> 111 Devonshire St., 5th Floor
> Boston, MA 02109
> Phone: (617) 742-0208
> Fax: (617) 742-2187
> E-mail: jshaw@segalroitman.com

Dated: November 1, 2010

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 1, 2010.

>
> /s/ James A.W. Shaw

---

[2] In fact, here, Silva's grievance resulted in only a single grievance meeting. In its Reply, Pioneer misrepresents that Silva's grievance "was apparently pursued all the way through Step 3 of the process." Reply Brief, pg. 5. Yet there is no support at all for this claim in the Gello Affidavit, ¶ 6, which recounts that Gello attended "<u>the</u> grievance hearing" (emphasis added).