UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRICILLA de SOUZA SILVA, ) | |
| ) | |
| Plaintiff, and ) | |
| ) | |
| SERVICE EMPLOYEES ) | CIVIL ACTION |
| INTERNATIONAL UNION, LOCAL 615, ) | NO. 10-11264-JGD |
| ) | |
| Intervenor-Plaintiff, ) | |
| v. ) | |
| ) | |
| PIONEER JANITORIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter is before the court on "Pioneer Janitorial Services, Inc.'s Motion to Compel Deposition Testimony From the Plaintiff Pricilla de Souza Silva" (Docket No. 39). By its motion, the defendant is seeking an order compelling the plaintiff to answer certain questions relating to her sexual history that she refused to answer during her deposition. After consideration of the parties' submissions and their oral arguments, the motion to compel is DENIED.

### Standard of Review

Rule 26(b) of the Federal Rules of Civil Procedure describes the scope of permissible discovery. Specifically, it provides in relevant part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be

> admissible at the trial if the discovery appears reasonably calculated
> to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Thus, to be discoverable, the requested information must be both non-privileged and relevant.

"While Federal Rule of Civil Procedure 26 controls, Federal Rule of Evidence 412 . . . also informs the instant dispute over the boundaries of proper inquiry into an alleged sexual-harassment victim's sexual conduct and history." A.W. v. I.B. Corp., 224 F.R.D. 20, 23 (D. Me. 2004). See also Gibbons v. Food Lion, Inc., No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *2 (M.D. Fla. Feb. 19, 1999) (stating that a majority of courts that have considered whether Fed. R. Evid. 412 is applicable to discovery "have found that Rule 412 has significance in the resolution of a discovery dispute"). That Rule provides that evidence relating to an alleged victim's sexual behavior or sexual predisposition is not admissible in any civil proceeding involving alleged sexual misconduct except in certain circumstances. See Fed. R. Evid. 412. In civil cases, such evidence is admissible only if "it is otherwise admissible under [the Federal Rules of Evidence] and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim." Fed. R. Evid. 412(b)(2).

As explained in the Advisory Committee Notes regarding the 1994 amendments to Rule 412, "[t]he rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure

of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Moreover, although the Advisory Committee Notes acknowledge that the procedures set forth in the Rule for determining the admissibility of evidence relating to an alleged victim's past sexual conduct or predisposition do not apply to discovery, they nevertheless provide as follows:

> In order not to undermine the rationale of Rule 412 ... courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant.

## Analysis

In the instant matter, the defendant has not shown that under the circumstances of this case, additional information beyond that already provided regarding the plaintiff's intimate personal life is relevant to her claims for sexual harassment/hostile work environment and retaliation against her employer. Furthermore, the defendant has not shown that the information it is seeking cannot be obtained from sources other than the plaintiff. At this point, additional questioning of the plaintiff regarding the intimate details of the plaintiff's personal life is simply a fishing expedition and goes beyond the acceptable boundaries of discovery. Accordingly, the defendant's motion to compel is DENIED.

Nothing herein shall be considered a ruling on the admissibility of any specific evidence at trial. Moreover, the defendant may inquire of the plaintiff as to statements that may have been made in her presence regarding her personal life.

                                                     / s / Judith Gail Dein
                                                    Judith Gail Dein
Dated: October 4, 2011                     United States Magistrate Judge